**William M. QUINN, III, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 90–1538.

United States Court of Veterans Appeals.

Submitted Sept. 30, 1991.

Decided Feb. 3, 1992.

William M. Quinn, III, pro se.

Robert E. Coy, Acting General Counsel, Barry M. Tapp, Asst. General Counsel, Andrew J. Mullen, Deputy Asst. General Counsel, and Carolyn F. Washington, were on the pleadings, for appellee.

Before FARLEY, Associate Judge.

## MEMORANDUM DECISION

FARLEY, Associate Judge:

Appellant appeals from an August 29, 1990, Board of Veterans' Appeals (Board or BVA) decision which affirmed the repeated denial of service connection for a seizure disorder. The pro se appellant filed his brief on June 5, 1991. On September 6, 1991, the Secretary filed a motion for summary affirmance, for acceptance of the motion in lieu of a brief and for a stay of further proceedings. On September 23, 1991, appellant opposed the Secretary's motions for a stay and for summary affirmance and asked that the Court consider his testimony and that of his ex-wife and "render this case in [his] favor." The motions of the Secretary for a stay and for summary affirmance will be denied. The alternative motion for acceptance of the Secretary's motion in lieu of a brief will be granted and the case will be determined on the merits.

In *Manio v. Derwinski*, 1 Vet.App. 140 (1991), this Court stated that when a veteran seeks to reopen a claim based on new evidence, the BVA must perform a two-step analysis.

> First, the BVA must determine whether the evidence is "new and material". 38 U.S.C. § [5108 (formerly § 3008)]. Second, if the BVA determines that the claimant has produced new and material evidence, the case is reopened and the BVA must evaluate the merits of the veteran's claim in light of *all* the evidence, both new and old.

*Manio*, 1 Vet.App. 145 (citation omitted) (emphasis in original); *see also Jones v. Derwinski*, 1 Vet.App. 210, 213 (1991). Moreover, pursuant to 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)), the readjudication must include "a written statement of the Board's findings and conclusions, and the reasons or bases for those

findings and conclusions, on all material issues of fact and law presented on the record". As we said in *Gilbert v. Derwinski*, 1 Vet.App. 49, 57 (1990), "A bare conclusory statement, without both supporting analysis and explanation, is neither helpful to the veteran, nor 'clear enough to permit effective judicial review', nor in compliance with statutory requirements." Although the BVA decision here was issued prior to this Court's opinions in *Gilbert*, *Manio* and *Jones*, in order for the decision to be affirmed this Court must conclude that the BVA's analysis is in substantial compliance with the law as defined in those decisions. The Court is unable to so conclude.

■ The initial question is whether the appellant submitted sufficient new and material evidence to permit a reopening of his claim subsequent to the March 5, 1987, BVA denial of the claim. In a report of a rating examination dated May 11, 1989, Department of Veterans Affairs (VA) physician Gerald S. Veregge made the following statement: "In fact, all the information on the past record which I reviewed would indicate that he did have a seizure disorder and, again, beginning in the service." R. at 174. This report clearly constitutes "new and material evidence" sufficient to require the reopening of the veteran's claim under 38 U.S.C. § 5108 (formerly § 3008). *See Colvin v. Derwinski*, 1 Vet. App. 171 (1991). Therefore, the BVA was obligated to "evaluate the merits of the veteran's claim in light of all the evidence, both new and old." *Manio*, 1 Vet.App. at 145.

■ From the BVA's own description, the Court concludes that the Board's bifurcated review of the evidence was flawed and did not fulfill the obligation to readjudicate appellant's claim in light of all of the evidence. The BVA specifically stated that it first reviewed the evidence in the record at the time of the previous denials and concluded that this evidence continued to support the earlier decisions because the evidence "showed no findings of a seizure disorder". *William H. Quinn, III*, BVA 90–27728, at 7 (Aug. 29, 1990). With respect to the evidence which had been "add-ed to the record" since the previous denial, the BVA indicated only that Dr. Veregge's conclusion, which he based upon "the past record which [he] reviewed", (R. at 174) was, in the BVA's view, "not supported by the record." *Quinn*, BVA 90–27728, at 7. Of note is the fact that the BVA, both in its 1987 decision and the decision presently before this Court, referred to the letter from appellant's ex-wife which described in detail episodes of seizures during service. Yet the BVA decision neither discusses this evidence nor explains why the facts recited therein do not provide record support for the opinion of Dr. Veregge, a VA physician.

The Court concludes that the BVA decision is deficient because it fails to "evaluate the merits of the veteran's claim in light of *all* the evidence, both new and old" as required by *Manio*, and because it "contains neither an analysis of the credibility or probative value of the evidence submitted by and on behalf of the veteran in support of his claim nor a statement of the reasons or bases for the implicit rejection of this evidence by the Board." *Gilbert*, 1 Vet.App. at 59. A remand is necessary to permit the Board the opportunity to consider the jurisprudence of this Court and to perform "a critical examination of the justification for the decision. The Court expects that the BVA will reexamine the evidence of record, seek any other evidence the Board feels is necessary, and issue a timely, well-supported decision in this case." *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991).

Accordingly, the Secretary's motions for summary affirmance and for a stay of proceedings are denied, and the Secretary's alternative motion for acceptance of the motion in lieu of a brief is granted. Pursuant to 38 U.S.C. § 7252(a) (formerly § 4052(a)), the BVA decision of August 29, 1990, is vacated and the matter is remanded for further proceedings consistent with this decision.